UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ST. CHARLES TOWER, INC.,           )
                                    )
        Plaintiff,                  )
                                    )
    vs.                             )    No. 4:09CV987-DJS
                                    )
COUNTY OF FRANKLIN, MISSOURI and    )
FRANKLIN COUNTY BOARD OF            )
ZONING ADJUSTMENT,                  )
                                    )
        Defendants.                 )

## ORDER

Now before the Court is the joint motion of plaintiff St. Charles Tower, Inc. and the two Franklin County defendants for entry of a consent judgment resolving the matters at issue in plaintiff's complaint. Also before the Court is the motion to intervene filed by Robert Kurtz, Paul Phillips and David Geile as Trustees of the Babler Forest Subdivision ("Subdivision Trustees"). The Subdivision Trustees have also filed a memorandum in opposition to the joint motion for entry of the consent judgment.[1]

The threshold issue is whether to permit intervention. The motion to intervene invokes Fed.R.Civ.P. 24(b)(1)(B), which provides for permissive intervention by a party which "has a claim

---

[1] The Court notes that the would-be intervenor identifies itself in the opposition to the consent judgment as "the Babler Forest Estates Subdivision Association," rather than the "Trustees of the Babler Forest Subdivision" as in the motion to intervene.

or defense that shares with the main action a common question of law or fact." By contrast to intervention as of right, governed by Rule 24(a), permissive intervention pursuant to Rule 24(b) is at the Court's discretion. Wright, Miller & Kane, 7C <u>Federal Practice and Procedure--Civil</u>, §1911, §1913 (3rd ed. 2009). The rule requires a "timely motion." Subsection (b) expressly provides that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."

In the matter at bar, the complaint was filed on June 25, 2009. Plaintiff's counsel has filed proof of service [Doc. #18] reflecting that two of the three intervenor-trustees received a copy of the complaint by registered mail on July 14, 2009. The motion to intervene was filed some four months later, and its timeliness can therefore be questioned. Furthermore, the original parties having apparently resolved their disputes, as reflected in their submission of a consent judgment, to permit intervention by the Subdivision Trustees would clearly delay the disposition of the original claims as agreed upon by the parties. This factor also militates against permissive intervention under the standard enunciated in Rule 24(b)(3).

Finally, the motion fails to comply with the important requirement of Rule 24(c), that the motion "must...be accompanied by a pleading that sets out the claim or defense for which intervention is sought." This requirement is not merely a

2

procedural formality, but is integral to the Court's necessary analysis of the legal rights asserted by the intervenor, and concomitant issues such as standing and jurisdiction. The Subdivision Trustees have submitted no pleading with their motion to intervene.

Instead, the motion merely states their desire to intervene "as Defendants." Motion to Intervene [Doc. #16], p.1. By such a designation, the Subdivision Trustees clearly indicate their desire to resist plaintiff St. Charles Tower's effort to overturn Franklin County's denial of the Conditional Use Permit at the heart of this case. Nonetheless, it remains entirely obscure how the Subdivision Trustees could properly be considered defendants to St. Charles Tower's claims of violation of the Federal Telecommunications Act and of due process of law under the Fourteenth Amendment.

Upon careful consideration, the motion to intervene will be denied for its untimeliness, in consideration of the delay intervention would cause in the adjudication of the claims asserted in the original complaint, and for movants' failure to provide the pleading required by Rule 24(c). In light of the denial of permissive intervention, the Subdivision Trustees' opposition to the motion for entry of consent judgment is filed by a non-party and is not shown to be properly considered by the Court.

The Court next turns to the joint motion for entry of the consent judgment. Having reviewed the proposal of plaintiff St.

Charles Tower, Inc. and the two Franklin County defendants, the Court will grant the motion and enter judgment as stipulated by the parties.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to intervene [Doc. #16] of Robert Kurtz, Paul Phillips and David Geile, as Trustees of the Babler Forest Subdivision, is denied.

**IT IS FURTHER ORDERED** that the joint motion [Doc. #17] of plaintiff St. Charles Tower, Inc. and defendants County of Franklin, Missouri and Franklin County Board of Zoning Adjustment is granted, and the parties' proposed consent judgment is separately entered herein this day.

Dated this __17th__ day of November, 2009.

                                      /s/ Donald J. Stohr
                                    UNITED STATES DISTRICT JUDGE