UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ST. CHARLES TOWER, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV987-DJS |
| ) | |
| COUNTY OF FRANKLIN, MISSOURI, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Now before the Court are the following motions: (1) potential intervenors Robert Kurtz, Paul Phillips, and David Geile's (in their representative capacity as Trustees of the Babler Forest Subdivision homeowners)("Trustees") motion to intervene and motion for relief from judgment [Doc. #22]; (2) potential intervenors Lawrence Kettenbach, Jr. and Mary A. Kettenbach's ("Kettenbachs") motion to join the motion of the Trustees [Doc. #25]; and (3) plaintiff St. Charles Tower, Inc.'s ("SCT") motion to consolidate Case Nos: 4:09CV987-DJS and 4:10CV022-DDN [Doc. #27]. These motions are ripe for disposition.

### FACTS & PROCEDURAL HISTORY

SCT is a company that constructs cellular telecommunications towers. This case concerns its desire to construct a tower in County of Franklin, Missouri ("County") on property located within the Babler Forest Subdivision on Top of the

Hill Road. To construct the tower, SCT requires a conditional use permit from the County and its zoning authorities.

In August, 2008, SCT filed an application with the County's Planning and Zoning Commission. After several public hearings, the Planning and Zoning Commission denied SCT's application. In March, 2009, SCT appealed that denial to the Franklin County Board of Zoning Adjustment ("BZA"). After a public hearing, the BZA affirmed the denial of SCT's application.

SCT subsequently filed the instant suit, Case No. 4:09CV987-DJS, on June 25, 2009. SCT sought a declaration from the Court that the BZA's denial of its application for a conditional use permit violated the Telecommunications Act of 1996 ("TCA"), 47 U.S.C. § 332, et seq., or constitutional due process rights, a mandatory injunction or writ of mandamus compelling the County to issue the permit, and other assorted relief. Doc. #1. In sum, SCT's case sought to compel the County and BZA to grant it a permit to allow it to build the communications tower.

On November 12, 2009, the Trustees filed a motion to intervene, seeking permissive intervention under Rule 24(b). Doc. #16. The following day, having reached a settlement that would grant the permit, SCT, the County, and the BZA filed a joint motion to approve a consent judgment. Doc. #17. On November 17, 2009, the Court denied the Trustees' motion to intervene permissively, finding it untimely, an undue delay to adjudication of the claims, and defective for failure to submit a pleading indicating the claim or defense for which intervention was sought. Doc. #20. In that

2

order, the Court also granted the parties' joint motion to approve consent judgment. Doc. #20. The Court simultaneously entered the consent judgment requested by the parties, which required the County to issue the conditional use permit to SCT. Doc. #21.

Two days after the Court entered the consent judgment, the Trustees filed their motion to intervene as of right, which the Kettenbachs later moved to join. Docs. #22, 25. The Trustees allege claims as an intervening plaintiff against the County and BZA challenging the decision to enter into the consent decree with SCT and seeking to uphold the original denial of the application.

On December 8, 2009, the Trustees and the Kettenbachs filed a petition in the Circuit Court of Franklin County, Missouri, in Case No. 09AB-CC00337, seeking a temporary restraining order, preliminary injunction, permanent injunction, and other relief designed to prevent SCT from building the tower. On December 21, 2009, the Trustees and the Kettenbachs filed an amended petition in the state case and a consent motion cancelling the hearing for the temporary restraining order. On January 7, 2010, SCT filed a notice of removal of the state case with the United States District Court for the Eastern District of Missouri, which gave rise to Case No. 4:10CV22-DDN. On January 19, 2010, SCT filed a motion to consolidate that case with Case No. 4:09CV987-DJS.

## **MOTIONS TO INTERVENE**

The Court first addresses the motions by the Trustees and the Kettenbachs to intervene in the action between SCT and the County and BZA. As an initial matter, the Court finds that the

Kettenbachs are in substantially the same position as the Trustees and will accordingly grant the Kettenbachs' motion for leave to join the Trustees' motion. For ease of discussion, the Court will refer to the potential intervenors collectively as "Intervenors." SCT opposes Intervenors' effort to intervene. The County and BZA have not filed briefs stating a position.

**STANDARD OF REVIEW**

Intervenors seek intervention of right under Rule 24(a)(2). The Eighth Circuit requires potential intervenors to establish standing to sue under Article III of the Constitution, in addition to the requirements of Rule 24. United States v. Metro. St. Louis Sewer Dist., 569 F.3d 829, 833 (8th Cir. 2009); Mausolf v. Babbitt, 85 F.3d 1295, 1300 (8th Cir. 1996). To demonstrate standing, a plaintiff must clearly allege facts showing an injury in fact, causation, and redressability. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). To intervene as of right under Rule 24(a)(2), a prospective intervenor must meet four conditions: (1) a timely motion; (2) an interest relating to the property or transaction which is the subject of the action; (3) a risk that the action may impair the intervenor's ability to protect its interest; and (4) lack of adequate representation by existing parties. See South Dakota ex rel. Barnett v. U.S. Dept. of Interior, 317 F.3d 783, 785 (8th Cir. 2003); United States v. Union Elec. Co., 64 F.3d 1152, 1158 (8th Cir. 1995). For purposes of judging standing and the satisfaction of the conditions for intervention of right, the Court looks to the pleadings, that is,

4

to the motion for leave to intervene and the proposed complaint, and absent sham and frivolity, accepts the non-conclusory allegations in those pleadings as true. See Defenders of Wildlife, 504 U.S. at 561; Stadin v. Union Elec. Co., 309 F.2d 912, 917 (8th Cir. 1962). "Rule 24 should be liberally construed with all doubts resolved in favor of the proposed intervenor." Tweedle v. State Farm Fire & Cas. Co., 527 F.3d 664, 671 (8th Cir. 2008) (quoting Barnett, 317 F.3d at 785).

**DISCUSSION**

**I. Standing**

To demonstrate standing, Intervenors must establish an injury in fact, which is an injury to a legally protected interest that is concrete, particularized, and either actual or imminent. Metro. St. Louis Sewer, 569 F.3d at 833-34. The purpose of the imminence requirement is to ensure that the alleged injury is not too speculative and that the injury is certainly impending. Id. at 834. Standing also requires a causal connection between the injury and the conduct complained of, that is, the injury must be fairly traceable to the challenged action. Defenders of Wildlife, 504 U.S. at 560. Third, it must be likely, as opposed to speculative, that the injury will be redressed by a favorable decision. Id. at 561. The party invoking federal jurisdiction bears the burden of establishing these elements, with the manner and degree of evidence required at the applicable stage in the litigation. Id. In this case, Intervenors are at a pleading stage, which requires the Court

5

to presume the Intervenors' allegations are true and determine whether such allegations give Intervenors standing.

In their pleadings, Intervenors allege that: (1) SCT is attempting to build a communications tower in their neighborhood; (2) SCT applied for and was initially denied a permit that would have allowed SCT to build the tower; (3) the County and BZA subsequently entered into a consent judgment with SCT that would grant the permit; (4) the denial of the permit by the County and BZA was appropriate, but the entry into the consent judgment was not proper; and (5) if SCT is allowed to build the tower, the value of their property will be harmed. Intervenors allege an injury in fact in that the construction of the tower will harm the value of their property and that the construction of the tower is imminent. They also allege a causal connection between that decline in property value and the challenged actions of SCT, the County, and the BZA. Finally, Intervenors' injury would be redressed by a favorable decision in this case in that if the Court were to find that the consent judgment should not have been entered and that the denial of the permit was proper, then the tower would not be imminently built. The Court finds that these allegations are sufficient to establish standing. See Mausolf, 85 F.3d at 1301-02.

**II. Intervention**

Intervenors seek intervention under Rule 24. Rule 24 represents "an accommodation between two potentially conflicting goals: to achieve judicial economies of scale by resolving related issues in a single lawsuit, and to prevent the single lawsuit from

6

becoming fruitlessly complex or unending." Smuck v. Hobson, 408 F.2d 175, 179 (D.C. Cir. 1969) (en banc). Intervention may be sought in a wide variety of situations involving unique facts and procedural postures, and because Rule 24 attempts to address all of those situations, it is often true that "general rules and past decisions cannot provide uniformly dependable guides." Id. Indeed, the parties have not cited and the Court was unable to find any cases with a substantially similar procedural posture. Thus, it is critical to clearly identify the scope of the case in which Intervenors seek to intervene and then determine whether the scope of that case should be extended to include Intervenors' claims by analysis of the four conditions to intervention set out in Rule 24. See Wade v. Goldschmidt, 673 F.2d 182, 184 (7th Cir. 1982).

In the original complaint, SCT alleged that the County and BZA violated the TCA by denying its application for a conditional use permit without issuing a written decision supported by substantial evidence. "The TCA 'was intended by Congress to foster competition among telecommunications providers, to improve the quality of their services, and to encourage the rollout of new technologies without delay.'" Sprint Spectrum, L.P. v. Platte County, Mo., 578 F.3d 727, 731 (8th Cir. 2009) (quoting USCOC of Greater Iowa, Inc. v. Zoning Bd. of Adjustment, 465 F.3d 817, 820 (8th Cir. 2006)). "To achieve these goals, the TCA reduces the 'impediments imposed by local governments upon the installation of facilities for wireless communications' including telecommunication towers." Sprint Spectrum, 578 F.3d at 731 (quoting USCOC, 465 F.3d

7

at 820). "At the same time, the TCA preserves the authority of local zoning boards 'over decisions regarding the placement, construction, and modification of personal wireless service facilities,' subject to certain substantive and procedural limitations," including the limitation that a local board's denial of a permit to construct a telecommunications tower "'be in writing and supported by substantial evidence contained in a written record.'" Id. (quoting 47 U.S.C. §§ 332(c)(7)(A)), 332(c)(7)(B)(iii)).

Absent a consent judgment, the Court's role in deciding SCT's claims would have been to review the County and BZA's determinations for support by substantial evidence in the record. It would not have been the Court's role to substitute its judgment for the zoning authorities, but instead, the Court would have been required to affirm the denial of the permit if the County and BZA's findings were "supported by some substantial level of evidence ... on the record as a whole ... so that a reasonable fact-finder could reach the same conclusion." Sprint Spectrum, 578 F.3d at 733. "The TCA's 'substantial evidence' requirement is 'directed at whether the local zoning authority's decision is consistent with applicable local zoning requirements.'" Id. (quoting VoiceStream Minneapolis, Inc. v. St. Croix County, 342 F.3d 818, 830 (7th Cir. 2003)). Thus, the main issue on SCT's complaint would have been whether the zoning authorities abided by the statutory procedural requirements of the TCA (a writing and support by substantial evidence), with the support-by-substantial-evidence sub-issue

requiring a determination of whether the zoning authorities' decisions complied with the applicable local zoning requirements.

With the scope of SCT's lawsuit in mind, the Court must analyze the four requirements for intervention of right under Rule 24 to determine whether intervention is proper.

### A. Interest Adversely Affected

The parties do not contest that Intervenors have interests in the value of their property, which could be adversely affected by this litigation. Thus, the Court will address the issues of adequate representation and timeliness.

### B. Adequate Representation

Potential intervenors face a "minimal burden" of showing that their interests are not adequately represented by the parties. Mausolf, 85 F.3d at 1303. When one of the parties is an arm of the government and the case concerns a matter of "sovereign interest," the bar is higher because in such cases the government is "presumed to represent the interests of all its citizens." Id. In this case, the County and BZA are not sovereign entities, so they are not presumed to represent the interests of the Intervenors. See In re Multidistrict Vehicle Air Pollution, 481 F.2d 122, 131 (9th Cir. 1973) (explaining that political subdivisions such as cities and counties are not sovereign powers and do not have the right to sue as parens patriae)). Intervenors argue that the County and BZA originally represented their interests by defending their decision to deny the permit but then ceased to represent their interests by entering into the consent judgment. SCT argues that the County and

BZA never represented Intervenors' interests. The Court agrees with the parties and finds that Intervenors' interests are not protected in this lawsuit at this time and were not protected at the time the consent judgment was entered. The Court will examine whether Intervenors' interests were ever adequately protected in this case in analyzing the timeliness of this motion.

**C. Timeliness**

Whether a motion to intervene is timely is determined by considering all of the circumstances of the case. Union Elec., 64 F.3d at 1159. Relevant factors include how far the litigation has progressed, the reason for any delay in seeking intervention, and prejudice to other parties caused by the delay. Id.

SCT argues that the motion to intervene is untimely because the expedited review process mandated by the TCA, 47 U.S.C. § 332(c)(7)(B)(v), required intervention at the inception of the action. SCT does not cite any authority to support this argument. The Court's reading of this statute finds that it is silent with respect to when a party should intervene. Accordingly, the Court will consider the expedited review process with respect to the totality of the circumstances but does not find that the process mandates any certain time for intervention.

The progress of this litigation has been described in detail above. In sum, this suit was filed in June, 2009, and then settled by the parties in November, 2009, resulting in the entry of a consent judgment. Intervenors filed the motion to intervene as of right two days after the Court entered the consent judgment

requested by the parties. While nothing in Rule 24(a) precludes postjudgment intervention, Tweedle, 527 F.3d at 671, "there is 'considerable reluctance on the part of courts to allow intervention after the action has gone to judgment and a strong showing will be required of the applicant. Motions for intervention after judgment ordinarily fail to meet this exacting standard and are denied." Hillside Enter., Inc. v. Carlisle Corp., 944 F. Supp. 793, 798 (E.D. Mo. 1996) (overruled on different point) (quoting McClain v. Wagner Elec. Corp., 550 F.2d 1115, 1120 (8th Cir. 1977)). To the extent that the case had seemingly been resolved by a consent judgment when Intervenors sought to intervene, the "progress of the case" factor would seem to favor SCT's position, and Intervenors will require a strong showing on the other factors to convince the Court that the motion is timely.

With regard to delay, Intervenors argue that their delay in filing their Rule 24(a) motion was justified because they did not know that their interests were not adequately protected by the County and BZA until a week before they filed their motion. In considering the timeliness of a motion to intervene involving a delay in filing after a change in position by a party, the critical fact is when the intervenor became aware that the party no longer adequately represented its interests. See United Airlines, Inc. v. McDonald, 432 U.S. 385, 394 (1977); see also Nextel Comm. of the Mid-Atl., Inc. v. Town of Hanson, 311 F. Supp. 2d 142, 154 (D. Mass. 2004) (stating that "postjudgment intervention is not

11

necessarily untimely when intervenors are surprised by a compromise agreement").

In this case, Intervenors' interest is in the denial of the permit and the maintenance of their property values, and the County and BZA were initially defending their decision to deny the permit. In that sense, Intervenors had no right to intervene under Rule 24(a)(2) while the County and BZA continued to adequately represent their interests. Intervenors insist that only after the County and BZA decided to enter into a consent judgment to award the permit to SCT did they become aware that their interests were no longer being advocated for in this litigation. Indeed, Intervenors previously attempted to intervene permissively, and once they were aware that the County and BZA had reversed their position on defending the denial of the permit, Intervenors did not substantially delay seeking intervention as of right. Rather, they filed the instant motion within a week. The Court believes that this delay was minimal and that the delay factor favors Intervenors.

As for prejudice to the non-intervening parties, the Eighth Circuit has said that "'[p]rejudice that results from the mere fact that a proposed intervenor opposes one's position and may be unwilling to settle always exists when a party with an adverse interest seeks intervention.'" Union Elec., 64 F.3d at 1159 (quoting Mille Lacs Band of Chippewa Indians v. Minnesota, 989 F.2d 994, 999 (8th Cir. 1993)). But "'Rule 24(a) protects precisely this ability to intervene in litigation to protect one's

12

interests.'" Union Elec., 64 F.3d at 1159 (quoting Mille Lacs, 989 F.2d at 999). Thus, "[t]he question for determining the timeliness of the motion to intervene is whether existing parties may be prejudiced by the delay in moving to intervene, not whether the intervention itself will cause the nature, duration, or disposition of the lawsuit to change." Id. (emphasis added). Here, Intervenors delayed less than a week in filing their motion. To show prejudice by this delay, SCT must demonstrate that their ability to prove their right to the permit was diminished between November 13, 2009 (when Intervenors' right to intervene arose), and November 19, 2009 (when Intervenors moved to intervene). SCT has not made any such demonstration. SCT argues it would be prejudiced by Intervenors' intervention in that it would be effectively deprived of its property right in the conditional use permit. This "prejudice" is not the type of prejudice considered in determining the timeliness of a motion to intervene, and instead, is the type of prejudice that always exists "when a party with an adverse interest seeks intervention."[1] Id. Thus, the Court believes that the prejudice factor favors the Intervenors.

SCT also argues against intervention by citing United States v. Bliss, 132 F.R.D. 58 (E.D. Mo. 1990), for the proposition that intervention should be denied when it would prejudice the parties by posing a threat to disruption of the consent decree process. But, in Bliss, the court denied intervention, in part,

---

[1] The Court also notes that, to the extent that SCT is or will be deprived of its property interest, it will not have been without due process.

13

because the consent decree process required public comment to the Department of Justice, providing an alternate forum for the potential intervenors to protect their interests and oppose the consent decrees. Id. at 60. Such a forum was not available to Intervenors in this case. The doctrine of parens patriae also applied in Bliss because the United States and Missouri governments were adequately representing the potential intervenors' interests. Id. at 61. The Court thus finds Bliss distinguishable.

Considering the above factors and the circumstances of this case, the Court finds that Intervenors' motion to intervene as of right was timely filed.

**D. Miscellaneous**

SCT also makes the argument that Intervenors are barred from intervening by res judicata because the consent judgment has already been issued by the Court. SCT does not expound upon this argument any further and cites generally to Estate of Buder v. United States, 372 F. Supp. 2d 1145, 1155 (E.D. Mo. 2005), to support the argument. The Court surmises from this section of SCT's brief that it argues that the entry of consent judgment cut off the lawsuit making a post-judgment intervention subsequent litigation for purposes of res judicata. Estate of Buder would not support such an argument. Id. Moreover, for a litigant to be barred from asserting a claim or defense it must have been a party to the prior litigation. See Montana v. United States, 440 U.S. 147, 153 (1979). Intervenors were not a party to the litigation

when the consent judgment was entered, so res judicata does not apply.

## III. Conclusion

Considering all of the circumstances of this case, the Court finds that Intervenors have standing and have satisfied the requirements for intervention under Rule 24(a)(2). Accordingly, the Court will grant Intervenors' motion to intervene. Because the Court will grant the motion to intervene as of right, the Court need not address Intervenors' alternative argument to intervene permissively.

**MOTION TO CONSOLIDATE, AND MOTION FOR RELIEF FROM JUDGMENT**

The Court next addresses SCT's motion to consolidate two cases [Doc. #27] and Intervenors' motion for relief from judgment [Doc. #22]. SCT seeks to consolidate <u>St. Charles Tower, Inc. v. County of Franklin, Missouri and Franklin County Board of Zoning Adjustment</u>, Case No. 4:09CV987-DJS, and <u>Robert Kurtz, Paul Phillips, David Guile, Lawrence Kettenbach and Mary Kettenbach v. St. Charles Tower, Inc., County of Franklin, Missouri, Franklin County Board of Zoning Adjustment, Mike Conrath, and Becky Conrath</u>, Case No. 4:10CV22-DDN. In its motion to consolidate, SCT states that both actions involve the same law and same facts, namely the facts surrounding the initial denial of a permit to SCT by County zoning authorities and the subsequent entry into a consent judgment granting the permit. Intervenors have argued that, while they do not necessarily oppose consolidation of these cases, it is improper to consolidate a closed case with an open one. In addition to

seeking intervention, Intervenors seek relief from the consent judgment under Rules 59(e) and 60(b) in their motion to intervene. The parties, however, did not focus on or fully brief that aspect of Intervenors' motion.

Pursuant to Rule 42, the Court may order a consolidation "[w]hen actions involving a common question of law or fact are pending before the court." Fed.R.Civ.P. 42(a); see E.D.Mo. L.R. 4.03. In this instance, both actions may involve similar questions of law and fact, but only if the Court's consent judgment is vacated and Case No. 4:09CV987-DJS is reopened. The Court is not inclined to grant Intervenors' motion for relief from judgment without further briefing.

Accordingly, the Court will order further briefing on Intervenors' motion for relief from judgment and will deny SCT's motion to consolidate, without prejudice to refiling in the event that Intervenors' motion for relief from judgment is granted.

Accordingly,

**IT IS HEREBY ORDERED** that potential intervenors Lawrence Kettenbach, Jr. and Mary A. Kettenbach's ("Kettenbachs") motion to join the motion of the Trustees [Doc. #25] is granted.

**IT IS FURTHER ORDERED** that potential intervenors Robert Kurtz, Paul Phillips, David Geile, Lawrence Kettenbach, Jr., and Mary A. Kettenbach's motion to intervene and motion for relief from judgment [Doc. #22] is granted, in part, as follows.

**IT IS FURTHER ORDERED** that to the extent Robert Kurtz, Paul Phillips, David Geile, Lawrence Kettenbach, Jr., and Mary A. Kettenbach seek to intervene as a matter of right, such is granted.

**IT IS FURTHER ORDERED** that Intervenors' motion for relief from judgment shall be further briefed by the parties, as follows.

**IT IS FURTHER ORDERED** that Intervenors shall file a memorandum in support of their motion for relief from judgment on or before March 12, 2010.

**IT IS FURTHER ORDERED** that SCT, the County, and the BZA may file a memorandum stating a position on Intervenors' memorandum on or before March 26, 2010.

**IT IS FURTHER ORDERED** that Intervenors may file a reply memorandum on or before April 2, 2010.

**IT IS FURTHER ORDERED** that SCT's motion to consolidate [Doc. #27] is denied without prejudice to refiling in the event the consent judgment is vacated.

Dated this   25th   day of February, 2010.

                                              /s/Donald J. Stohr
                                              UNITED STATES DISTRICT JUDGE