```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


ST. CHARLES TOWER, INC.,         )
                                 )
          Plaintiff,             )
                                 )
     vs.                         )      Case No. 4:09CV987-DJS
                                 )
COUNTY OF FRANKLIN, MISSOURI,    )
et al.,                          )
                                 )
          Defendants,            )
                                 )
     vs.                         )
                                 )
ROBERT KURTZ, et al.,            )
                                 )
          Intervenors.           )
```

## ORDER

Now before the Court is intervenors' motion for relief from judgment [Doc. #22]. The Court is satisfied that this matter has been fully briefed and is ready for disposition.

### FACTS AND PROCEDURAL HISTORY

St. Charles Tower, Inc. ("SCT") is a company that constructs cellular telecommunications towers. This case concerns its desire to construct a tower in County of Franklin, Missouri ("County") on property located within the Babler Forest Subdivision on Top of the Hill Road. To construct the tower, SCT requires a conditional use permit from the County and its zoning authorities.

In August, 2008, SCT filed an application with the County's Planning and Zoning Commission. After several public hearings, the Planning and Zoning Commission denied SCT's application. In March, 2009, SCT appealed that denial to the

Franklin County Board of Zoning Adjustment ("BZA"). After a public hearing, the BZA affirmed the denial of SCT's application.

SCT subsequently filed the instant suit, Case No. 4:09CV987-DJS, on June 25, 2009. SCT sought a declaration from the Court that the BZA's denial of its application for a conditional use permit violated the Telecommunications Act of 1996 ("TCA"), 47 U.S.C. § 332, et seq., or constitutional due process rights, a mandatory injunction or writ of mandamus compelling the County to issue the permit, and other assorted relief. Doc. #1. In sum, SCT's case sought to compel the County and the BZA to grant it a permit to allow it to build the communications tower.

On November 12, 2009, intervenors filed a motion to intervene, seeking permissive intervention under Rule 24(b). Doc. #16. The following day, having reached a settlement that would grant the permit, SCT, the County, and the BZA filed a joint motion to approve a consent judgment. Doc. #17. On November 17, 2009, the Court denied intervenors' motion to intervene permissively, finding it untimely, an undue delay to adjudication of the claims, and defective for failure to submit a pleading indicating the claim or defense for which intervention was sought. Doc. #20. In that order, the Court also granted the parties' joint motion to approve consent judgment. Doc. #20. The Court simultaneously entered the consent judgment requested by the parties, which required the County to issue the conditional use permit to SCT. Doc. #21.

Two days after the Court entered the consent judgment, on November 19, 2009, intervenors filed their motion to intervene as

2

of right, which the Kettenbachs later moved to join.  Docs. #22, 25.  Intervenors allege claims as intervening plaintiffs against the County and the BZA challenging the decision to enter into the consent decree with SCT and seeking to uphold the original denial of the application.

On November 20, 2009, the BZA issued a decision of record finding that the conditional use permit should be granted to SCT. In that decision, the conditional use permit was granted by the Planning and Zoning Department, in accordance with the County's and the BZA's settlement with SCT.

On December 8, 2009, intervenors filed a petition in the Circuit Court of Franklin County, Missouri, in Case No. 09AB-CC00337, seeking a temporary restraining order, preliminary injunction, permanent injunction, and other relief designed to prevent SCT from building the tower.  On December 21, 2009, intervenors filed an amended petition in the state case and a consent motion cancelling the hearing for the temporary restraining order.  On January 7, 2010, SCT filed a notice of removal of the state case with the United States District Court for the Eastern District of Missouri, which gave rise to Case No. 4:10CV22-DDN.  On January 19, 2010, SCT filed a motion to consolidate that case with Case No. 4:09CV987-DJS.  On February 25, 2010, the Court granted intervenors' motion to intervene, denied the motion to consolidate without prejudice, and ordered further briefing on intervenors' motion seeking relief from the consent judgment.  On April 23, 2010, the Court ordered further briefing on intervenors' motion.

**DISCUSSION**

The issue currently before the Court is whether to vacate the Court's judgment and reopen this case for further proceedings. All of the original parties, SCT, the County, and the BZA, oppose vacating the judgment. Defendants admit that they lack a meritorious defense to the action. Nevertheless, intervenors, in essence, ask the Court to be allowed to take up the defense for the unwilling defendants.

Intervenors assert their motion pursuant to Rules 59(e) and 60(b). Rule 59(e) motions serve "the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." Metro. St. Louis Sewer Dist. v. Mallinckrodt, Inc., 440 F.3d 930, 933 (8th Cir. 2006). A manifest error of law is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000). To prevail on a Rule 59(e) motion by presenting newly discovered evidence, the movant must show that: (1) the evidence was discovered after judgment was entered; (2) the movant exercised due diligence to discover the evidence before judgment was entered; (3) the evidence is material and not merely cumulative or impeaching; and (4) reopening of the case to consider the new evidence would probably produce a different result. See Metro. St. Louis Sewer, 440 F.3d at 933. Under Rule 60(b), a party may obtain relief from a judgment by showing: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or

misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, discharged, reversed, or vacated; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

Intervenors argue that the judgment should be vacated because the County and the BZA violated state law when settling the matter. They argue that a failure to abide by state law when entering into a settlement agreement renders the judgment invalid. Indeed, a federal consent judgment or settlement agreement cannot be a means for state officials to evade state law. <u>League of Residential Neighborhood Advocates v. City of Los Angeles</u>, 498 F.3d 1052, 1055 (9th Cir. 2007). In Missouri, a duly enacted local ordinance has the same binding force as a state statute. <u>See generally</u> <u>Levinson v. City of Kansas City</u>, 43 S.W.3d 312, 320 (Mo. Ct. App. 2001). If defendants violated state law in consenting to the judgment, the Court would be compelled to vacate it under Rule 60. The Court must therefore review the validity of defendants' decision to enter into the consent judgment in this case under Missouri law before examining any possible interaction with federal law.

While the Court previously believed that the BZA did not follow its own procedures for granting the permit when it entered into the settlement, upon further consideration, the Court finds that defendants abided by state law. The Unified Land Use Regulations of Franklin County ("Land Regs") and Missouri Revised Statutes § 64.870 govern the granting of conditional use permits

5

(such as the permit at-issue in this case) by the County and the BZA. Section 76 of the Land Regs requires the BZA to hold public hearings prior to issuing a conditional use permit. The BZA held public hearings to receive evidence on the matter. Once the evidence was closed, no additional hearings were permitted. See State ex rel. Dierberg v. Bd. of Zoning Adjustment of St. Charles County, 869 S.W.2d 865, 867 (Mo. Ct. App. 1994). With the evidence in the record, the BZA was then free to issue a decision and later change that decision if it so desired. Accordingly, the County and the BZA appropriately acted within their legal authority when they entered into the consent judgment granting the permit to SCT.

Even if the Court's interpretation of state law is erroneous and the County and the BZA did not properly comply with state law, a federal court can authorize state-government entities to disregard their local ordinances when settling federal litigation with a consent judgment if the remedy contained in the settlement would be mandated by the federal law at-issue. League of Residential Neighborhood, 498 F.3d at 1058. The Seventh Circuit has summarized this principle as follows:

> [U]pon properly supported findings that such a remedy is necessary to rectify a violation of federal law, the district court can approve a consent decree which overrides state law provisions. Without such findings, however, parties can only agree to that which they have the power to do outside of litigation.

Perkins v. City of Chicago Heights, 47 F.3d 212, 216 (7th Cir. 1995).

The Court finds that the County's and the BZA's denial of the permit to SCT was a violation of federal law and that the granting of the permit is necessary to remedy that violation. For one, defendants have admitted that they entered into the settlement because they believed that their decision had violated federal law. While such an admission is not determinative, the Court agrees.

In order to comply with federal law, defendants' decision to deny the permit must have been in writing and supported by substantial evidence in the record. Sprint Spectrum, L.P. v. Platte County, Mo., 578 F.3d 727, 731 (8th Cir. 2009). "The TCA's 'substantial evidence' requirement is 'directed at whether the local zoning authority's decision is consistent with applicable local zoning requirements.'" Id. at 733 (quoting VoiceStream Minneapolis, Inc. v. St. Croix County, 342 F.3d 818, 830 (7th Cir. 2003)). A district court considering the substantial-evidence requirement should not scour the record for substantial evidence supporting the decision, but instead should look to the written decision for the reasons and evidence that drove the zoning board to deny the permit. USCOC of Greater Mo., LLC v. County of Franklin, Mo., 575 F. Supp. 2d 1096, 1103 (E.D. Mo. 2008).

In this case, the decision was in a writing, separate from the written record, that described the reason for the denial in sufficient detail to allow the Court to evaluate the evidence in the record supporting that reason. The question then is whether the denial was supported by substantial evidence in the record, which requires the Court to determine whether the decision is

consistent with the local zoning requirements.  Section 54 of the Land Regs allowed for denial of a conditional use permit if the proposed development, more probably than not, would endanger public health or safety, would substantially injure the value of adjoining or abutting property, would not be in harmony with the area in which it is located, or would not be in general conformity with the land use plans adopted by the County Commission.  The sole reason given for denying the permit was that the tower would primarily serve persons outside of Franklin County.  This was not a reason for denying the permit that was consistent with applicable local zoning requirements.

Intervenors argue that the denial of the permit was in accordance with the general purpose of the Land Regs and that local zoning boards may deny permits for reasons that are in accordance with the general purposes of their ordinances.  The general purpose of the Land Regs regarding telecommunications facilities is to "[p]rovide for the appropriate location and development of the telecommunications facilities and systems to serve the citizens and businesses of Franklin County." Doc. #43, p. 6.  The decision did not comply with this stated purpose.  The decision acknowledged that the tower would serve Franklin County's citizens and businesses but denied the permit because it would not "primarily serve" them.  The Land Regs did not require the tower to primarily serve persons inside of the County.  Thus, the decision was not in accordance with the Land Regs, was not supported by substantial evidence in the record, and was in violation of the TCA.

Intervenors argue that, even if defendants violated the TCA, the granting of a permit is not a mandatory remedy. Intervenors are correct that the granting of a permit is not a mandatory remedy in every TCA case. In some cases, a remand to the local zoning authority for a writing is the appropriate remedy. In order to allow defendants to settle this litigation outside of their local ordinances, the Court need not find that the remedy be mandatory in every case, only that it be necessary in this case. Perkins, 47 F.3d at 216. Given the facts here, the granting of the permit was a necessary remedy to rectify the violation of the TCA. Remand for a new written decision, on the other hand, would have been an inappropriate remedy because the decision already met the writing requirement by stating the BZA's basis for its denial.

Intervenors also argue that the Court should vacate the judgment because the factual picture presented to the Court was incomplete. As explained previously, a judgment can be vacated for the presentation of additional evidence only under very limited circumstances. A judgment can also be vacated to correct manifest errors of fact. Intervenors do not cite any newly discovered evidence that they wish to present, and intervenors do not argue that the record contained any factual errors. Instead, intervenors take issue with how the parties characterized the record. Rules 59 and 60 do not allow for vacating a judgment to allow a new characterization of the evidence to be presented. While intervenors may disagree with the parties' characterization, they do not argue that the record was misrepresented to the Court.

Given these arguments the Court finds that intervenors have not demonstrated that the judgment should be vacated due to errors of fact or to allow them to present new evidence.

Intervenors argue that the Court should vacate the judgment because it is clearly erroneous and would work a manifest injustice. They argue that it would cause them and other homeowners to shoulder the entire burden of the proposed cell tower and resulting loss in property value. They also argue that the tower is no longer in conformance with the County's land use regulations due to an amendment.

With respect to the burden imposed by the tower, "[t]he TCA 'was intended by Congress to foster competition among telecommunications providers, to improve the quality of their services, and to encourage the rollout of new technologies without delay.'" Sprint Spectrum, 578 F.3d at 731 (quoting USCOC of Greater Iowa, Inc. v. Zoning Bd. of Adjustment, 465 F.3d 817, 820 (8th Cir. 2006)). "To achieve these goals, the TCA reduces the 'impediments imposed by local governments upon the installation of facilities for wireless communications' including telecommunication towers." Sprint Spectrum, 578 F.3d at 731 (quoting USCOC, 465 F.3d at 820). Considering that Congress passed legislation to encourage the proliferation of wireless communications throughout the United States, the Court finds that the consent judgment does not work a manifest injustice on intervenors by granting SCT a permit that will allow it to build a telecommunications tower near their property.

10

With respect to the amended land use regulations, this case was concerned solely with whether defendants violated the TCA in denying the permit at the time it was denied, not with the ever-evolving land use regulations of the County. If indeed the tower would not comply with current zoning requirements, that is an issue for a different forum, not for a federal court reviewing a specific denial of a specific permit under the TCA. As such, the Court finds amended land use regulations do not present a basis upon which to vacate the judgment.

Finally, intervenors argue that the Court's granting of their motion to intervene requires that the judgment be vacated to allow them to participate in the litigation. Intervenors filed their motion to intervene and motion for relief from the judgment in the same document, after judgment had been entered. The Court granted intervenors' motion to intervene for the purpose of considering the merits of their arguments regarding the validity of the judgment. The Court believed that it would have been procedurally improper to address the substance of such arguments from a stranger to the litigation. The cases cited by intervenors do not convince the Court that the judgment must be vacated. Contrary to intervenor's assertions, their consent is not required for the judgment to be entered because it does not impose any obligations on them—it does not require them to do or not do anything. See Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland, 478 U.S. 501, 529 (1986). Because intervenors waited until after judgment was entered to assert their

right to intervene, the Court gave intervenors all the process that they were due by allowing them to assert their arguments challenging the validity of the judgment. See id. Finding no reason to vacate the judgment, the Court will not reopen this case for any further proceedings.

## CONCLUSION

On November 17, 2009, the Court entered judgment in this case after the parties reached a settlement. On November 19, 2009, intervenors moved the Court to intervene and for relief from the judgment. The Court allowed intervenors to intervene in order to challenge the judgment. The Court has found that intervenors present no valid basis upon which to vacate the judgment.

Accordingly,

**IT IS HEREBY ORDERED** that intervenors' motion for relief from the order granting the joint motion for consent judgment [Doc. #22] is denied.

Dated this  21st    day of May, 2010.

> /s/Donald J. Stohr
> UNITED STATES DISTRICT JUDGE